**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RYAN KAY**, on behalf of himself and others similarly situated,  Plaintiff, v. **MATIC INSURANCE SERVICES INC.**, c/o Jeff Snyder 331 Reinhard Ave. Columbus, OH 43206  Defendant. | * * * CASE NO. 2:20-cv-2812 * JUDGE * MAGISTRATE JUDGE * **JURY DEMAND ENDORSED HEREON** * * |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Ryan Kay ("Named Plaintiff" or "Plaintiff Kay"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Matic Insurance Services Inc. ("Defendant" or "Matic") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts), over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has its principal place of business in the Southern District of Ohio or it otherwise conducted substantial business in the Southern District of Ohio.

## II. THE PARTIES

4. Named Plaintiff is an individual, United States citizen, and resident of this judicial district in the State of Ohio.

5. Named Plaintiff worked as a salary, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts as an Inside Sales Representative beginning in or around January 2020 through April, 2020.

6. Named Plaintiff's guaranteed annual salary was $30,000.00.

7. During his employment with Defendant, Named Plaintiff, and other similarly situated employees, were not fully and properly paid in accordance with the minimum requirements of the FLSA for all of their compensable hours worked because Defendant did not pay overtime at one and half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek. Instead, Defendant paid Named Plaintiff, and other similarly situated

employees, on a salary and commission basis with no additional compensation for time worked in excess of forty (40) hours per workweek, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial.

8. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to Join*, attached hereto as **Exhibit A**).

9. Defendant is a foreign for-profit corporation with its principal place of business believed to be located at 585 S. Front St., #300, Columbus, Ohio 43215.

10. Defendant is and has been doing business in this judicial district.

11. At all times relevant, Defendant has been an employer as that term is defined by the FLSA and the Ohio Acts.

12. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

13. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

14. Upon information and belief, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level).

15. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. STATEMENT OF FACTS

16. All of the preceding paragraphs are realleged as if fully rewritten herein.

17. During his employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not pay overtime even though they were non-exempt.

18. Defendant pays Named Plaintiff and other similarly situated employees a guaranteed salary of less than $35,568.00 annually.

19. Named Plaintiff and other similarly situated employees frequently worked in excess of 40 hours in a workweek.

20. Named Plaintiff and other similarly situated employees were scheduled to work nine (9) hours per day, five (5) days a week.

21. Named Plaintiff and other similarly situated employees at times continued to work after the end of their scheduled shift, particularly if there was a work meeting that occurred after or near the end of their scheduled shift.

22. Defendant allowed Named Plaintiff and other similarly situated employees to take a one (1) hour meal break; however, Defendant did not mandate that Named Plaintiff and other similarly situated employees take an uninterrupted meal break. Named Plaintiff and other similarly situated employees regularly were unable to take a one (1) hour meal break.

23. Defendant did not record Named Plaintiff and other similarly situated employees time worked. Named Plaintiff and other similarly situated employees did not clock in and out for work.

24. The FLSA and Ohio Wage Act required Defendant to pay overtime compensation to its non-exempt employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty. 29 U.S.C. § 207; R.C. §§ 4111.03, 4111.10.

25. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

26. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

27. At all times, Named Plaintiff was employed as a non-exempt employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

28. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees overtime for all hours worked over 40 in a workweek.

29. Defendant knew or should have been aware that Named Plaintiffs and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime, but it willfully elected not to properly compensate its employees during all times relevant.

### IV. **COLLECTIVE ACTION ALLEGATIONS**

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

30. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former non-exempt employees of Defendant who worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because: (1) they were unable to take a fully uninterrupted meal break of 1 hour; or (2) Defendant did not compensate the employees for work performed after the scheduled end of their shifts beginning three (3) years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").

31. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

32. In addition to the Named Plaintiff, the putative FLSA Collective Members have been denied overtime compensation. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one and one-half times their regular rate of pay, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as their own in bringing this action.

33. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

34. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and FLSA Collective Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former non-exempt employees of Defendant who worked over 40 hours in any workweek but were not properly compensated for all of their overtime hours worked under the FLSA because: (1) they were unable to take a fully uninterrupted meal break of 1 hour; or (2) Defendant did not compensate the employees for work performed after the scheduled end of their shifts beginning two (2) years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

37. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek but were not correctly compensated at a rate of at least one and one-half times their regular rate of pay, as that phrase is defined under the Ohio Wage Act, for all hours worked in excess of 40 because of Defendant's policy and practice of not fully and properly compensating its employees at the proper overtime rate during workweeks when they work in excess of 40 hours.

38. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

39. Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

40. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

41. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

42. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

43. Questions of law and fact are common to the Ohio Rule 23 Class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

47. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class overtime wages for all hours worked in excess of forty hours per week; (b) whether

Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

48. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective Members.

51. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the FLSA Collective Members.

52. Named Plaintiff and the FLSA Collective Members were paid on a salary basis but worked in non-exempt positions.

53. Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in a workweek.

54. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

55. The FLSA requires that non-exempt employees receive overtime compensation of one and half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

56. Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours per week during all times relevant.

57. Named Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

58. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks.

59. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

60. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

61. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

**COUNT II**
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

64. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

65. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

66. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime for all hours worked over 40 in a workweek.

67. Defendant's company-wide corporate policy and/or practice of not properly paying its salary, non-exempt employees overtime for each hour worked over forty (40) hours in a given workweek resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

68. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

69. Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them overtime for hours worked over forty (40) hours in a workweek.

70. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. § 4111.03, and as such, Defendant acted willfully.

71. For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages, the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

74. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

75. The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

76. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

77. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

78. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

79. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. See O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

82. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

83. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

84. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

85. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the FLSA Collective pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Collective Class, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendant's payroll policy or practice of not properly calculating the overtime rate during workweeks its employees received Additional Remuneration for Named Plaintiff and the FLSA Collective as described herein violates the FLSA;

D. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

E. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just, or proper.

**WHEREFORE**, as to **Counts II**, **III**, and **IV**, Named Plaintiff requests judgment against Defendant for violations of the Ohio Acts and for an Order as follows:

J. Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

K. Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N. Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the Ohio Acts.

    Respectfully submitted,

    **COFFMAN LEGAL, LLC**

    */s/ Matthew J.P. Coffman*
    Matthew J.P. Coffman (0085586)
    1550 Old Henderson Road, Ste. 126
    Columbus, Ohio 43220
    Phone: 614-949-1181
    Fax: 614-386-9964

Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman