IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RYAN KAY, on behalf of himself and others similarly situated,** : : : **Plaintiff,** : : v. : : **MATIC INSURANCE SERVICES INC.,** : : **Defendant.** : : : | Case No. 2:20-cv-2812 Judge Michael H. Watson Magistrate Judge Kimberly A. Jolson |

*JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
STIPULATION OF DISMISSAL WITH PREJUDICE*

**I.    INTRODUCTION**

Representative Plaintiff Ryan Kay ("Plaintiff" or "Kay") and Defendant Matic Insurance Services Inc. ("Defendant" or "Matic") (collectively the "Parties") respectfully move this Court to approve the proposed FLSA opt-in Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio wage-and-hour statutes. Plaintiff asserted that Defendant failed to pay Plaintiff and other similarly-situated Inside Sales Representatives overtime for hours worked over 40 in a workweek and failed to include bonuses in their regular rate of pay, for purposes of calculating their overtime compensation. Plaintiff also asserted claims for violation of Ohio's Prompt Pay Act and recordkeeping violations.

If approved by the Court, the Settlement will provide for the issuance of notice to all Eligible Settlement Participants within fourteen (14) days. Eligible Settlement Participants will have forty-five (45) days to join the Settlement by executing and returning Consent and Release Forms. Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, no fairness hearing is required or requested by the Parties.[1]

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and reached on May 25, 2021. If approved by the Court, the Settlement will make settlement payments available to the Class Members who elect to participate in the Settlement.

The settlement documents submitted for approval or entry by the Court consist of the following:

    Exhibit A:    Joint Stipulation of Settlement and Release

    Exhibit B:    Notice of Settlement of Lawsuit, with attached Consent and Release Form entitled Consent to Opt-Into Lawsuit, Release, and Dismiss Claims

    Exhibit C:    Order of Dismissal and Approving Settlement

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **The Action**

On June 1, 2020, Representative Plaintiff Ryan Kay filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant failed to pay Plaintiff and other similarly-situated Inside Sales Representatives overtime for hours worked over 40 in a workweek and failed to include bonuses in their regular rate of pay, for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code §§ 4111.03 and 4111.08, the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and recordkeeping requirements under the OMFWSA, Ohio Rev. Code § 4111.08. (ECF #1).

    B.     **Negotiation of The Settlement**

Between December 2020 and January 2021, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included time and pay data for Plaintiff and the Eligible Settlement Participants and calculation of their alleged overtime damages.

The Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications. Between January 14, 2021 and May 25, 2021, the Parties engaged in settlement negotiations, and on May 25, 2021, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement

3

attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

### C. The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

The Total Eligible Settlement Amount is Sixty Thousand Seven Hundred Sixty-Two Dollars and Seventy Cents ($60,762.70), which sum will cover: (a) all of the Individual Payments to the Class Members; (b) Representative Plaintiff's Representative Payment; and (c) Class Counsel's attorneys' fees and expenses, including the expenses of administering the Notice to the Class.

Thirty-Seven Thousand One Hundred Eight Dollars and Forty-Seven Cents ($37,108.47) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members. The Individual Payments will be calculated proportionally on each Class Member's alleged overtime damages during the Calculation Period. The Individual Payments are provided in Appendix 1 of the Settlement. Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

Three Thousand Dollars ($3,000.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Ryan Kay, in addition to his Individual Payment, for his service as the Representative Plaintiff. In addition, Twenty Thousand Six Hundred Fifty-Four Dollars and Twenty-Three Cents ($20,654.23) of the Total Eligible Settlement Amount will be paid to Class Counsel for attorneys' fees and expenses ($20,254.23 in fees and $400.00 in expenses) incurred,

and expected to be incurred, in the Action and administration of the settlement, including the Notice administration to the Class.

In exchange, the Action will be dismissed, and the Class Members will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, statutory damages, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act for the Released Period.

To inform Eligible Settlement Participants of the Settlement, the Parties have submitted, as Exhibit B, the proposed Notice of Settlement of Lawsuit, with an attached Consent and Release Form. The Notice will be mailed to the Eligible Settlement Participants at their last known home addresses according to records maintained by Defendant, and any updated addresses obtained by Class Counsel. The Eligible Settlement Participants who sign and return Consent Forms will participate in the Settlement and their claims will be released.

### III.     THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b). Court approval is warranted on all scores.

#### A.     The Seven-Factor Standard Is Satisfied

The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and the proposed settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012). *Accord, In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16,

2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

In *Kritzer*, the court used seven factors to evaluate whether the proposed settlement was "fair, reasonable, and adequate" for purposes of the FLSA, 29 U.S.C. 216(b). *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20. *See also Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)).

The first factor—the likelihood of success on the merits balanced against the amount and form of the settlement—strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not only Defendant's liability, which Defendant denies, but also the Plaintiff's and Eligible Settlement Participants' damages. Both were hotly disputed in this case. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiff and Eligible Settlement Participants.

The other six factors are satisfied as well. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiff will prevail at trial and the litigation could be long and protracted. In contrast, the settlement assures that the Plaintiff and Eligible Settlement Participants will receive significant compensation. Given the uncertainties surrounding a possible trial in this matter, the certainty and finality of a settlement will substantially benefit the Plaintiff and Eligible Settlement Participants and is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation").

### B. The Settlement Payments Are Fair, Reasonable, and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiff and the Eligible Settlement Participants.

All Individual Payments will be calculated proportionally on each Class Member's alleged overtime damages during the Calculation Period. The Calculation Period for the Class Members shall mean the period between January 21, 2019 and October 4, 2020. If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation. Between January 21, 2019 and October 4, 2020, Plaintiff alleges that he and the Class Members were allegedly denied $24,738.99 in overtime compensation, based on the records provided by Defendant.

Pursuant to the Settlement, each Class Member who participates in the Settlement will receive 100% of their alleged overtime damages, as well as approximately 50% of their alleged liquidated damages. Accordingly, the settlement proceeds are fair, reasonable and adequate.

### C. The Service Award Is Proper and Reasonable

Reasonable service awards "are common in class action settlement[s]and [are] routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group*, LLC,No. 4:09cv1608, 2010 WL 2490989, at *7. *Accord*, *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 373 (S.D. Ohio 1990). Service awards are "typically justified

7

when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

In the present case, the proposed service award of $3,000 to Plaintiff provides reasonable recognition for his assistance to Class Counsel and his substantial efforts to achieving the settlement on behalf of himself and the Eligible Settlement Participants.

D. **Class Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

In *Gascho v. Global Fitness Holdings, Inc.*, 822 F.3d 269 (6th Cir. 2016), the Sixth Circuit reaffirmed its long-standing rule regarding class- and collective-action fee awards. "When awarding attorney's fees in a class action," *Gascho* emphasized, "a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Gascho*, 822 F.3d at 279 (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9

8

F.3d 513, 516 (6th Cir. 1993)). Court have discretion to select the appropriate method of determining such fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516).

The percentage approach "more accurately reflects the results achieved." *Rawlings*, 9 F.3d at 516, *quoted with approval in Gascho*, 822 F.3d at 279-80. It is appropriate in cases like this one because "it encourages early settlement, which avoids protracted litigation." *Gascho*, 822 F.3d at 279 (citing *Rawlings*, 9 F.3d at 516-17).

This Court, and other courts in the Sixth Circuit, commonly approve one-third fee awards in FLSA collective actions. *See, e.g.*, *Croskey v. Hogan Services, Inc.*, No. 2:20-cv-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable) (citing *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.")); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *21 (N.D. Ohio Mar. 8, 2010) (citing *Rawlings* as well as *Jackson v. Papa John's,* Case No. 1:08CV2791 (N.D. Ohio 2008); *Fincham v. Nestle Prepared Foods Co.,* 1:08CV73 (N.D. Ohio 2008); *McGhee v. Allied Waste Indus.,* Case No. 1:07CV1110 (N.D. Ohio 2007)); *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007).

Courts reference the NERA study as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000). *See Dillworth*, 2010 WL 776933, at *19-20; *Bessey*. 2007 WL 3173972, at *4 (citing study conducted by the National Economic Research Associates). The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action]

9

settlement," although "the average result achieved for class members was only 7% to 11% of claimed damages." *Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12).

Measured by the NERA benchmarks, the proposed settlement in the present case is exemplary. The settlement primarily benefits the Plaintiff and Eligible Settlement Participants. *See Gascho*, 822 F.3d at 282 (counseling courts to consider "the benefit to the class and its ratio to attorney's fees"). Two-thirds of the Total Settlement Amount is allocated to the Plaintiff and Eligible Settlement Participants. The Individual Payments they will receive represent a substantial percentage of their claimed damages.

Just over one-third of the settlement is allocated to Class Counsel to cover attorney's fees and litigation costs combined. That amount "reflects the results achieved." *Rawlings*, 9 F.3d at 516, *quoted with approval in Gascho*, 822 F.3d at 279-80. The settlement achieved by counsel's efforts represents a substantial percentage of the potentially recoverable damages for the Plaintiff and Eligible Settlement Participants.

## IV. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit C.

Respectfully submitted,

| | |
|---|---|
| **Zashin & Rich Co., L.P.A.** | **Coffman Legal, LLC** |
| *s/ Michele L. Jakubs* | *s/ Adam C. Gedling* |
| Michele L. Jakubs (Ohio Bar No. 0071037) | Matthew J.P. Coffman (Ohio Bar No. 0085586) |
| mlj@zrlaw.com | mcoffman@mcoffmanlegal.com |
| Stephen S. Zashin (Ohio Bar No. 0064557) | Adam C. Gedling (Ohio Bar No. 0085256) |
| ssz@zrlaw.com | agedling@mcoffmanlegal.com |
| 950 Main Avenue | 1550 Old Henderson Road |
| 4th Floor | Suite #126 |

Cleveland, OH  44113  
T:  216/696-4441  
F:  216/696-1618  

*Attorneys for Defendant*

Columbus, OH  43220  
T:  614/949-1181  
F:  614/386-9964  

*Attorneys for Plaintiff*