UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ryan Kay, *on behalf of himself and others similarly situated*,

        Plaintiff,

v.

Matic Insurance Services Inc.,

        Defendant.

Case No. 2:20-cv-2812

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Ryan Kay ("Plaintiff") sued Matic Insurance Services Inc. ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Plaintiff alleged that Defendant failed to properly pay overtime to Plaintiff and similarly situated employees and failed to properly include bonuses in the calculations for their overtime compensation. *Id.* The parties have settled Plaintiff's claims and move for approval of their settlement agreement. ECF No. 25.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and

adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether Defendant properly paid overtime and properly included bonuses in the

calculations for overtime compensation. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including the remining discovery, dispositive motions, trial, and possible appeals. Further, Plaintiff's counsel was able to assess Defendants' payroll information and evaluate the chances of success.

The parties represent that individual settlement payments reflect 100% of the alleged unpaid overtime damages and 50% of the alleged liquidated damages. The exact amount of each payment will be calculated on an individual basis. Plaintiff will receive a $3,000 service award in addition to his individual payment. Both these payments are reasonable. *See Shane Grp. Inc v. Blue Cross Blue Shield of Mich.*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorney's fees and costs in the amount of $20,654.23 represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").

The parties' joint motion, ECF No. 25, is **GRANTED**, including its request for attorney's fees and costs, to settle the FLSA claims of any opt-in plaintiffs. The total settlement amount, manner of providing notice, claims procedure, and distribution procedure and terms, as reflected in the parties' motion and its attachments, is **APPROVED**.

The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**